## JOHN M. READY, JR., ET AL., v. D. R. COLLINS.

**Guardian and Wards—Sale of Real Estate—Supplemental Proceedings.**

A proceeding for the sale of the wards' real estate where such wards were not made parties is ineffectual to divest them of title.

**Supplemental Proceedings.**

Where in an original proceeding to sell a ward's real estate, no good title is conveyed because the ward was not made a party thereto, a supplemental proceeding pursuant to the statute of September 30, 1861, (Myer's Supp. 424) may result in a judgment of the court confirming such sale and conveyance.

APPEAL FROM GARRARD CIRCUIT COURT.

October 13, 1874.

OPINION BY JUDGE COFER:

The original proceedings by the guardian were clearly defective. The infant owners of the land were not parties to the record, and the judgment and sale would not have invested the appellee with their title. They were parties, however, to the supplemental proceedings, which seem to have been in all respects according to the statute of the 30th of September, 1861, Myer's Supp. 424. All that is required by that act, is that the guardian shall file an amended petition making his wards either plaintiffs or defendants, reciting the facts of the former proceeding, judgment and sale, and averring that the sale, as made, was beneficial, and had redounded to the interest of the infants; and upon proof being made of the truth of the statements of the petition, the court had power to render a judgment confirming the former judgment, and the sale made under it, which, when done, would have rendered the judgment and sale as valid and binding in all respects as if the original proceedings had been in every particular according to the requirements of the law. The evidence leaves no room to doubt that the sale was beneficial to the infants, and it is clear that a judgment confirming the sale might and ought to have been rendered, unless there was such defect in the title, or incumbrance on the land, as to entitle appellee to avoid the sale on that ground.

No commissioner's report was necessary in this supplemental proceeding, either to show the net value of the real and personal estate of the infants, or its annual profits, or that their interests required the sale, or would be promoted by it. Such matters as are required to be stated in the petition and proved to the satisfaction of the court, may be proved by any competent evidence, and a report by commissioners was not necessary. Nor does it matter that a part of the proceeds of the sale of the land will be required to pay the debts of Mrs. Ready, or to satisfy the claim of the life tenant; indeed, if all the proceeds should be required for those purposes, the infants may own other estate which will be relieved from liability for the debts of their mother that will be paid out of the money arising from this sale, but whether so or not is not important. The only thing appellee has a right to demand, is that he shall get good title to the land he bought, and this he can now get beyond any doubt, by a judgment confirming the former judgment, and the sale made under it. Nor can he avoid the sale because no bond of the guardian is in the record; the court must presume that a proper bond was taken, and its subsequent loss cannot affect the validity of the supplemental proceedings. But if the bond cannot be found on the return of the cause, the court should require the guardian to execute a new bond, and upon his failure to do so, should order the purchase money to be collected by the receiver, and held under orders of the court until such bond is given.

The appellee was bound to take notice of any defect in the title or incumbrance on the land disclosed by the title papers on file in the case. *Huber v. Armstrong's Widow and Heirs,* 7 Bush 591. The deed from Davis to Miss Ready was on file, and shows the nature and extent of the reservation contained therein, and as it was appellants' duty to know it, it is their misfortune if they did not know it.

The court, therefore, erred in dismissing the amended petition of appellants and refusing to confirm the sale, and the judgment is *reversed* and the cause is remanded with directions to confirm the sale, and for further proceedings consistent with this opinion. The cost of the proceedings on the amended petition, except the taking of depositions by appellee concerning the reservation in the deed from Davis, should be paid out of the proceeds of the sale.

*R. M. & W. O. Bradley, Owsley & Burdett, for appellants.*
*Felix G. Fox, for appellee.*